**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**MERNA COLE-GAYLE,**

                    **Petitioner,**

   **- against -**

**UNITED STATES OF AMERICA,**

                    **Respondent.**

-------------------------------------------------------x

                                    **ORDER**

                                    **05 CV 2196(NG)**

**GERSHON, United States District Judge:**

      Petitioner has filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. Having reviewed the motion, it is clear that it must be summarily dismissed. Petitioner pled guilty, before Magistrate Judge Victor Pohorelsky, to a charge of narcotics importation (21 U.S.C. § 952(a)) on June 2, 2004. On September 24, 2004, I sentenced petitioner to a 30 month term of imprisonment followed by 3 years of supervised release. Petitioner filed the instant motion on April 28, 2005, raising a claim under *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner claims that her sentence was improperly enhanced on the basis of drug quantity.

      It is clear for three reasons that petitioner's claim is without merit and that her motion must be denied. First, *Blakely* is not applicable to the Federal Sentencing Guidelines. *See Blakely*, 542 U.S. at 305 n. 9. The Supreme Court held the mandatory application of the Guidelines unconstitutional in *United States v. Booker*, 543 U.S. – –, 125 S. Ct. 738 (2005), decided several months after petitioner's conviction became final. *Booker* is not retroactive on collateral review. *See Guzman v. United States*, 404 F.3d 139, 141 (2d Cir. 2005). Furthermore, though petitioner does not cite *Apprendi v. New Jersey*, 530 U.S. 466 (2000), it merits noting that under *Apprendi*, only a fact "that increases the penalty for a crime beyond the prescribed statutory maximum must" be submitted to a jury. *See id.* at 490. Petitioner's sentence does not implicate *Apprendi's* holding because the statutory maximum for the crime to which she pled guilty is 20

years.  *See* 21 U.S.C. § 960(b)(3).  Lastly, petitioner failed to raise this issue on direct appeal — no direct appeal was ever taken, as petitioner concedes in her Section 2255 motion — and is thus barred from raising the issue in her Section 2255 motion. *See Rosario v. United States*, 164 F.3d 729, 732 (2d Cir. 2005) ("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' (2) 'actual innocence.'") (internal citation omitted).  Petitioner makes no claim of actual innocence and could not.  Petitioner also makes no attempt to demonstrate cause for the failure to raise this issue on direct appeal.  Even if petitioner could demonstrate cause, she could not demonstrate prejudice since, as described above, her claim is meritless.

For the foregoing reasons, the petition for relief under 28 U.S.C. § 2255 is denied in its entirety.  The Clerk of Court is directed to close this case.

As petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied.

**SO ORDERED.**

_____/s/_____
**Nina Gershon**
**United States District Judge**

**Dated: December 14, 2005**
        **Brooklyn, New York**